# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2010

No. 09-30231
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGH SEBRON GRICE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20069-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hugh Sebron Grice pleaded guilty to possession of firearms during and in furtherance of drug trafficking crimes. *See* 18 U.S.C. § 924(c)(1)(A), (B)(ii), and (D)(2). As part of the plea agreement, Grice reserved his right to appeal the district court's denial of his motion to suppress evidence seized during a warrantless search of his home, a cabin. Grice challenges officers' initial, brief entry into his cabin after they executed his arrest warrant and the warrantless, consensual search of his cabin approximately 12 hours later.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that the officers' initial entry into the cabin was a lawful protective sweep incident to Grice's arrest. *See Maryland v. Buie*, 494 U.S. 325, 331 (1990). Grice was inside the cabin when officers arrived, and the officers had to pull him outside to effectuate the arrest. Paula Grice, his wife, was visible from the doorway. The situation presented the circumstances necessary to justify a protective sweep. *See id.* at 334; *United States v. Virgil*, 444 F.3d 447, 451 (5th Cir. 2006). The officers' completion of the arrest after Grice was pulled outside the cabin instead of while he was inside did not render the protective sweep unlawful. *See United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001). Regarding the amount of time the officers took to complete the protective sweep, the district court found the officers' testimony more credible than Grice's. Viewed in the light most favorable to the Government, none of the district court's factual findings were clearly erroneous. *See United States v. Jackson*, 596 F.3d 236, 239-40 (5th Cir. 2010). The protective sweep rationale is supported by the record. *See, e.g., United States v. Ibarra-Sanchez*, 199 F.3d 753, 758 (5th Cir. 1999). Accordingly, this court need not determine whether an alternative exception to the warrant requirement was applicable. *See Jackson*, 596 F.3d at 240; *Virgil*, 444 F.3d at 451 n.4.

Grice challenges the district court's finding that his consent to the search was voluntary. Since the protective sweep was lawful, there is no merit to Grice's argument that his consent was vitiated by an illegal protective sweep. *See Buie*, 494 U.S. at 334. Grice's claim of duress is not supported by the record. On the issue of consent, the district court found in favor of the officers on the credibility determination. *See United States v. Mays*, 466 F.3d 335, 342 (5th Cir. 2006). The totality of the circumstances does not support a finding that Grice's consent was given under duress. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997).

Except for Grice's self-serving testimony, there is nothing in the record to support Grice's assertion that he requested counsel before he gave consent to

search his cabin. The officers all testified that Grice did not request counsel and that after initially declining to sign the waiver of rights form, he later changed his mind and signed it. The credibility finding in favor of the officers was not clear error. *See United States v. Gonzales*, 79 F.3d 413, 421 (5th Cir. 1996).

Grice argues that his consent was invalid because it was given after the search was underway or completed. Agent Laviolet's testimony does not support Grice's characterization of the facts, and this argument amounts to speculation based on an overheard telephone conversation.

Finally, the police were not required to obtain a search warrant before searching pursuant to consent. *See Buie*, 494 U.S. at 334 n.1; *United States v. Carrillo-Morales*, 27 F.3d 1054, 1063 (5th Cir. 1994).

The officers' credible testimony at the suppression hearing supports the district court's finding that Grice's consent was voluntary. *See, e.g., Gonzales*, 79 F.3d at 421-22. Under the totality of the circumstances and in light of the district court's credibility finding in favor of the officers and in the light most favorable to the Government, the district court's decision finding that Grice's consent was voluntary was not erroneous. *See Tompkins*, 130 F.3d at 121.

AFFIRMED.